FARRELL, Senior Judge,
concurring in part and concurring in the judgment:
I agree with the court that D.C. FOIA and the Legislative Privilege Act (LPA), read together, do “not justify the Council’s decision to withhold documents ... in this case.” Ante at 449 (emphasis added). But I am not ready to say, nor need we decide here, that FOIA-requested disclosure of communications to or from a Councilmem-ber in the course of his legislative duties may never be tantamount to, the functional equivalent of, “questioning]” the member *450 as prohibited by the LPA. The fact that information of that kind might also be shielded by another FOIA exemption— say, the deliberative process privilege— would not be reason alone to hold that it falls outside the protection of Exemption 6 via the LPA.
In this case, however, the Council has not met that near-approximation test. Although it turned over numerous documents to appellant, it declined to disclose a large body of them without any individualized showing of how disclosing the information would be equivalent to “question[ing],” and thereby threaten a legislator’s independence through “disruption and intimidation.” Ante at 447. Thus, while I concur in much of the court’s analysis and the result, I would not deny the Council the ability to make that showing in the future.